**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117320

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juan Roldan, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>Credit Protection Association L.P.,<br><br>  Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Juan Roldan, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Credit Protection Association L.P. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Juan Roldan is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Credit Protection Association L.P., is a Texas Limited Partnership with a principal place of business in Dallas County, Texas.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the

Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

3

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the First Letter") dated April 11, 2018. (A true and accurate copy is annexed hereto as "**Exhibit 1.**")

32. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Second Letter") dated April 25, 2018. (A true and accurate copy is annexed hereto as "**Exhibit 2.**")

33. The letters conveyed information regarding the alleged Debt.

34. The letter are "communications" as defined by 15 U.S.C. § 1692a(2).

35. The First Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

4

38. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

39. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

40. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

41. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

42. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

44. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

45. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

46. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

47. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

48. Threatening to take action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

5

49. Threatening to take action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

50. Threatening to take action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

51. The Second Letter is dated 14 days after the First Letter.

52. The Second Letter was sent within the 30-day validation period.

53. The Second Letter states "Your debt validation period will expire 30 days from receipt of your previous notice and collection activity will continue."

54. The Second Letter does not explain what "collection activity" will continue.

55. The Second Letter does not state that the "collection activity" will not continue during the 30-day validation period.

56. The Second Letter does not state that the "collection activity" must cease if Plaintiff requests validation of the alleged Debt.

57. The Second Letter does not state that the "collection activity" must cease if Plaintiff requests information concerning the original creditor.

58. The Second Letter fails to advise that the threat of continued "collection activity" does not override the Plaintiff's right to dispute the alleged Debt.

59. The Second Letter fails to advise that the threat of continued "collection activity" does not override the Plaintiff's right to request validation of the alleged Debt.

60. The Second Letter fails to advise that the threat of continued "collection activity" does not override the Plaintiff's right to request the name and address of the original creditor.

61. The least sophisticated consumer, upon reading the threat of continued "collection activity", could reasonably interpret the Second Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to continued "collection activity".

62. The least sophisticated consumer, upon reading the threat of continued "collection activity", and in the absence of any further explanation, could reasonably interpret the Second Letter to mean that even if she disputes the validity of the alleged Debt, she could be subject to continued "collection activity" even during the verification process.

63. The Second Letter sets forth the threat of continued "collection activity" in bold typeface.

6

64. The Second Letter sets forth the threat of continued "collection activity" in larger type-face than most of the language of the Second Letter.

65. The Second Letter sets forth the LEGALTHREAT in an emphasized manner.

66. The manner in which the Second Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

67. The manner in which the Second Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

68. The manner in which the Second Letter is formatted would likely make the least sophisticated consumer overlook her rights.

69. As a result of the foregoing, the Second Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

70. As a result of the foregoing, the Second Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

71. As a result of the foregoing, the threat of continued "collection activity" would likely make the least sophisticated consumer confused as to her rights.

72. As a result of the foregoing, the threat of continued "collection activity" would likely make the least sophisticated consumer uncertain as to her rights.

73. Defendant violated 15 U.S.C. § 1692g(b) as the threat of continued "collection activity" overshadows the disclosure of the consumer's right to dispute the alleged Debt.

74. Defendant violated 15 U.S.C. § 1692g(b) as the threat of continued "collection activity" overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

75. Defendant violated 15 U.S.C. § 1692g(b) as the threat of continued "collection activity" overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

76. Defendant violated 15 U.S.C. § 1692g(b) as the threat of continued "collection activity" is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

77. Defendant violated 15 U.S.C. § 1692g(b) as the threat of continued "collection activity" is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

78. Defendant violated 15 U.S.C. § 1692g(b) as the threat of continued "collection activity" is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

79. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

81. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

82. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

83. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

84. The least sophisticated consumer could reasonably interpret the Second Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to continued "collection activity."

85. The least sophisticated consumer, upon reading the threat of continued "collection activity", and in the absence of any further explanation, could reasonably interpret the Second Letter to mean that even if she disputes the validity of the alleged Debt, she could nevertheless be subject to continued "collection activity" even during the verification process.

86. Because the Second Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

87. Because the Second Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

88. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

89. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

90. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

91. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

92. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

93. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

94. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

95. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

96. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

97. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

98. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

9

99. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

100. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

101. Defendant placed the required validation notice on the back of the First Letter.

102. The validation notice is set forth in smaller font than the writing on the front of the First Letter.

103. The validation notice is set forth in smaller font than the demand for payment on the front of the First Letter.

104. The validation notice is set forth in non-bold typeface, while the demand for payment is set forth in bold typeface.

105. The validation notice is not emphasized at all, while the demand for payment is emphasized.

106. The required validation notice, relative to other language in the First Letter, is visually inconspicuous.

107. The required validation notice cannot be readily discerned from the rest of the language in the First Letter.

108. The First Letter contains no transitional language explaining that the demand for payment does not override Plaintiff's right to dispute the Debt.

109. The First Letter contains no transitional language explaining that the demand for payment does not override Plaintiff's right to seek validation of the Debt.

110. The First Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

111. The First Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

112. The First Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

113. The First Letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

114. Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is less likely to realize that such rights are not affected by Defendant's demand for payment.

115. Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to overlook the rights, especially in relation to the demand for payment.

116. Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to believe the rights are unimportant, especially in relation to the demand for payment.

117. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

118. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

119. As a result of the foregoing, the demand for payment would likely make the least sophisticated consumer confused as to her rights.

120. As a result of the foregoing, the demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

121. Because of the above, the least sophisticated consumer, upon reading the First Letter, would be less likely to realize that such rights are not affected by the demand for payment.

122. Because of the size, placement and inconspicuousness of the validation language, it is likely to be overlooked by the least sophisticated consumer.

123. Because of the size, placement and inconspicuousness of the validation language, the least sophisticated consumer would be led to believe it is unimportant.

124. Because of the size, placement and inconspicuousness of the validation language, the least sophisticated consumer would be less likely to exercise her rights.

125. Because of the size, placement and inconspicuousness of the validation language, the validation rights are overshadowed.

126. Because of the size, placement and inconspicuousness of the validation language, the least sophisticated consumer would be uncertain as to her rights.

127. Because of the size, placement and inconspicuousness of the validation language,

11

the least sophisticated consumer would be confused as to her rights.

128. Because of the size, placement and inconspicuousness of the validation language, Plaintiff's absolute right to dispute the debt was overshadowed.

129. Because of the size, placement and inconspicuousness of the validation language, Plaintiff's absolute right to demand validation of the debt was overshadowed.

130. Because of the size, placement and inconspicuousness of the validation language, Plaintiff's absolute right to request the name of the original creditor was overshadowed.

131. The First Letter would likely make the least sophisticated consumer forego her validation rights.

132. Defendant violated 15 U.S.C. § 1692g(b) as the First Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt.

133. Defendant violated 15 U.S.C. § 1692g(b) as the First Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

134. Defendant violated 15 U.S.C. § 1692g(b) as the First Letter overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

135. Defendant violated 15 U.S.C. § 1692g(b) as the First Letter is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

136. Defendant violated 15 U.S.C. § 1692g(b) as the First Letter is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

137. Defendant violated 15 U.S.C. § 1692g(b) as the First Letter is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

138. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

139. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

140. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

141. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

142. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

143. The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless pay the debt.

144. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

145. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

146. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

147. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

148. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

149. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

150. The Class consists of more than thirty-five persons.

151. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

152. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

153. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

154. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: April 8, 2019

                                **BARSHAY SANDERS, PLLC**

                                By: _/s/ *Craig B. Sanders*
                                Craig B. Sanders, Esquire
                                100 Garden City Plaza, Suite 500
                                Garden City, New York 11530
                                Tel: (516) 203-7600
                                Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117320

